IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JIRA CHURCHILL      *
     *
     *
       v.      *      Civil No. – JFM-13-3442
     *
BALTIMORE CITY BOARD OF      *
SCHOOL COMMISSIONERS      *
           ******

## MEMORANDUM

       Plaintiff has instituted this action against the Baltimore City Board of School Commissioners for alleged violations of the Family and Medical Leave Act, 29 U.S.C. §2601, and Maryland's Fair Employment Practices Act.[1] Defendant has filed a motion to dismiss. The motion will be granted for two reasons.

       First, plaintiff's claims arise from defendant's alleged failure to provide her with leave and reasonable accommodation arising from the lupus from which she suffered and for having retaliated against her for having asserted her rights. Plaintiff filed a prior action in this court against defendant, Civil Action No. 1:12-cv-02825-GLR. The claims asserted in that action arose from the same medical condition (lupus) that underlies this suit. The prior action was voluntarily dismissed with prejudice by plaintiff on June 28, 2013. All of the claims asserted in this action arose prior to June 28, 2013. With one possible exception,[2] all the claims asserted in

---

[1] As noted later in the text, this action is related to a prior action that was pending before Judge George Russell of this court. No "related case memo" was filed, probably because this action was removed from the Circuit Court for the City of Baltimore, Maryland.

[2] The possible exception is that defendant did not deny plaintiff's request under the FMLA for "intermediate leave" until January 30, 2013. However, plaintiff requested such leave on December 10, 2012. Obviously, she could have alluded to her request in the amended complaint and obtained leave to file a second amended complaint to recite that her request had been denied.

1

this action also arose prior to January 14, 2013, when plaintiff filed an amended complaint in the prior action. Thus, this action is barred by the doctrine of *res judicata*. *See Serna v. Holder*, 2014 U.S. App. LEXIS 4190, at *9 (4th Cir. March 6, 2014); *Fishback v. Depuy Orthopaedics*, 2013 U.S. Dist. LEXIS 35562 at *21 & n.9 (D. Md. March 13, 2013).

Second, in my view plaintiff has no viable claim under the FMLA.[3] In effect, plaintiff is requesting prospective "intermittent leave" under the FMLA for an indeterminate period of time. I do not believe that any such request is legally cognizable. Of course, the FMLA provides that leave must be granted intermittently but there is no reason to believe that this statutory language applies to absences that are yet to occur as opposed to absences that have occurred because of the medical condition of the employee or a member of the employee's family. In effect, plaintiff is requesting leave (up to the amount allowed by the FMLA) for a condition from which she suffers. In my view a request for such leave must be analyzed under the Americans With Disabilities Act that requires an employer to reasonably accommodate an employee's disability, if possible. *See generally Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1007 (7th Cir. 2001); *Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 455 (W.D. Pa. 2008). Self-evidently, and as articulated in defendant's Attendance Reliability and Analysis Program, avoidance of excessive absenteeism and sick leave abuse is critical to "the uninterrupted continuity of education; greater

---

Further, it is likely that plaintiff would have been granted leave to file her amended complaint (which, in effect, was a response to a motion to dismiss filed by defendant) until after defendant had acted on her leave request.

[3] Because I find that the FMLA does not apply in this case, I need not consider defendant's alternative argument that plaintiff did not meet the 1,250 work hour threshold for bringing an action under the FMLA.

teacher-student contact time; appropriate role model emulation, consistent classroom discipline and reduced substitute costs."[4]

A separate order dismissing this action is being entered herewith.


Date:   April 21, 2014            /s/_____
                                  J. Frederick Motz
                                  United States District Judge

---

[4] When plaintiff sought to obtain an accommodation for her disability under the ADA, she suggested that another teacher be with her at all times in the classroom so that he/she could serve as an adequate substitute in the event of plaintiff's absence.  The unreasonableness of this suggestion is apparent on its face.

3